UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

ANTONIO BEY and
RENEE SMITH-BEY,

                      Plaintiffs,

v.

LNV CORPORATION and
MGC MORTGAGE, INC.,

                      Defendants.

Case No. 2:14-cv-13723
Judge David M. Lawson
Magistrate Judge Anthony P. Patti

## ORDER DENYING PLAINTIFFS' MOTION FOR JOINDER OF CLAIMS (DE 25)

Before the Court is Plaintiffs' December 22, 2014 Motion for Joinder of Claims (DE 25). Defendants have filed an informative response (DE 27), which has helped to educate the Court as to the procedural history in Case No. 14 – 13990, a recently closed matter involving the same three parties. In a separate order entered this date (DE 30), the Court has denied Plaintiffs' request to file a reply brief (DE 29) as untimely and futile. For the reasons stated below, the Plaintiffs' motion (DE 25) is DENIED.

Plaintiffs filed their seven count Complaint in the instant case on September 25, 2014 (DE 1), alleging various state and federal causes of action against Defendants, including alleged violations of 42 U.S.C. § 1983, 42 U.S.C. § 1985,

conspiracy, malicious abuse of process, intentional infliction of emotional distress, fraud and misrepresentation, trespass and mail fraud.  Less than two weeks later, on or about October 8, 2014, Defendant LNV Corporation ("LNV") filed an action in state court, specifically the 33rd District Court in Woodhaven, Michigan, seeking to evict Plaintiffs from the real property which is at issue here.  *See* DE 27 at 7, DE 27-2.  This allegedly took place after a mortgage foreclosure, a sheriff's sale and the expiration of the redemption period.  Soon thereafter, on October 16, 2014, the Beys removed the state court action to this Court, where it was given Case No. 14-cv-13990, assigned to the Honorable Judith E. Levy and subsequently reassigned to the Honorable David M. Lawson (hereinafter the "eviction case").[1]  In an opinion and order entered on December 15, 2014, this Court remanded the eviction case back to state court "for want of jurisdiction because (1) the complaint raises no claims arising under federal law that could support federal question jurisdiction; and (2) removal on the basis of diversity jurisdiction is improper because the defendants reside in Michigan."  *See* DE 16 (Case No. 14-cv-13990).  One week later, Plaintiffs filed the instant motion for joinder of claims, noting the existence of the eviction case and identifying it as a case which had been "removed to federal court" and assigned Case No. 14-cv-13990.  DE 25 at ¶3.  In a subsequent motion,

---

[1] On November 12, 2014, plaintiffs filed an amended complaint in the case at bar (DE 15), which appears to duplicate the original complaint (DE 1) with the exception of the signature page (*compare* DE 1 at 9, DE 15 at 9) and Exhibit A – Affidavit of Facts (DE 1 at 10-12).

Plaintiffs explained that they were not aware of the remand order until January 11, 2015. DE 29 at 2.

It would appear from Plaintiffs' very sparse motion that they are seeking to consolidate two related cases which were both simultaneously, albeit briefly, pending before this Court, rather than attempting to "join" claims which are pending in two different courts. Irrespective of whether they are aware that the eviction case has been remanded to state court, the fact remains that it is no longer pending before this Court and, therefore, cannot be joined or consolidated. *See* Fed. R. Civ. P. 42(a) ("Consolidation.").[2] Due to the remand order in the eviction case, the instant motion is denied as moot.

Moreover, the Court has already ruled that it lacks jurisdiction over the claims made in the eviction case. *See* DE 16 (Case No. 14-13990). Plaintiffs' current attempt to bring the two cases back together again in federal court is, accordingly, barred under the doctrine of collateral estoppel, as this Court has already issued a threshold, jurisdictional ruling which is adverse to the position taken by Plaintiffs in this motion. *Ashe v. Swenson*, 397 U.S. 436, 443 (1970) (Collateral estoppel "means simply that when an issue of ultimate fact has once

---

[2] Had the eviction case not been remanded, judicial economy likely would have favored consolidation of the two cases within this Court; however, the eviction case has indeed been remanded, and the two cases are now pending in different courts, one state and one federal.

been determined by a valid and final judgment, that issue cannot again be litigated between the same parties in any future lawsuit.").

Finally, even if the Court's actions were not constrained by its prior remand order in the eviction case, and to the extent that Plaintiffs are truly requesting a joinder of claims, the Court notes that the "claims" which the plaintiffs seek to join to this action are not their own claims against the defendants, but rather, the Defendants' claims against them. It would appear that Plaintiffs' assertions in the now remanded eviction case are *defenses*, not claims. As such, the joinder of claims rule is inapplicable. Fed. R. Civ. P. 18(a) ("A party asserting a *claim*, counter*claim*, cross-*claim*, or third-party *claim* may join, as independent or alternative *claims*, as many *claims* as *it* has against an opposing party.") (emphasis added).

Accordingly, Plaintiffs' motion (DE 25) is **DENIED**.


Dated: February 4, 2015               s/Anthony P. Patti
                                      Anthony P. Patti
                                      UNITED STATES MAGISTRATE JUDGE


I hereby certify that a copy of the foregoing document was sent to parties of record on February 4, 2015, electronically and/or by U.S. Mail.

                                      s/Michael Williams
                                      Case Manager for the Honorable
                                      Anthony P. Patti